WALTER WRIGHTON ET AL. v. NELSON BUTLER AND WIFE.

Decided May 4, 1910.

**1.—Charge—Assumption of Fact.**

When a fact is established by undisputed evidence the court may in its charge assume such fact as proved.

### 2.—Same—Construed as a Whole.

In a suit of trespass to try title wherein the land in controversy had been conveyed to a husband and wife and the plaintiff claimed as sole heir of the husband, and the defendants claimed as heirs of the wife and plead the statutes of limitation, the court charged the jury in substance that if they believed the plaintiff was the sole surviving child of the husband she was entitled to recover one-half the property sued for "unless defeated by the statute of limitations," but if they believed that another child besides the plaintiff survived the father, then the plaintiff would be entitled to recover only five-sixteenths of the whole of said property. Held, that said charge, when considered in connection with the paragraph immediately following, was sufficient to convey to the average mind the idea that plaintiff's right to recover five-sixteenths was affected by the plea of limitation as well as her right to recover one-half of the property.

### 3.—Limitation—Several Defendants—Possession—Charge.

There being several defendants in an action of trespass to try title, and title by limitation being an issue, the court charged the jury in substance that if they believed from the evidence that the defendants did not hold the land jointly, openly, exclusively, and unequivocally against the plaintiff, they should find for the plaintiff. Held, the use of the word "jointly," in view of other portions of the charge and of the evidence, if error at all, was harmless error, or error which might have been cured by a special charge.

### 4.—Cotenancy—Adverse Holding—Insufficient Evidence.

Evidence as to adverse holding of land against a cotenant considered, and held insufficient to support a plea of limitation, and therefore any error in the charge of the court in submitting said plea to the jury was not cause for reversal of a judgment against said plea.

Error from the District Court of Harris County, Texas. Tried below before Hon. W. P. Hamblen.

*Baker, Botts, Parker & Garwood,* for plaintiffs in error.

· *A. R. & W. P. Hamblen,* for defendants in error.

JAMES, CHIEF JUSTICE.—The amended petition of Butler and wife, Alice Butler, alleged Alice Butler to be the daughter and sole heir of Abe Jones, who at his death owned a certain piece of real property in Houston which was conveyed to Abe and Sophy Jones by Louis Weisenbach. That said Abe Jones died intestate about September 5, 1883, leaving surviving him this plaintiff and Sophy Jones and her children; that Sophy Jones died, leaving surviving her the defendants Walter Wrighton, Florence Frazier and Ophelia Mayo, her children and heirs at law. That her said children are not children of Abe Jones, and Ophelia Mayo was born after the death of Abe Jones. Plaintiff says that at the death of her father she was eighteen years of age; that she married Nelson Butler about February 5, 1884, whose wife she has since been; that said Sophy Jones lived upon and held possession of said premises until her death (in 1889), and defendants Walter Wrighton, Florence Frazier and Ophelia Mayo have held possession thereof since the death of their mother, receiving the rents and benefits thereof; that in 1904 they conveyed a part (describing same) of the premises to the defendant, the Houston Ice & Brewing Co.; that plaintiff at the death of her father became seized of the property as a tenant in common with said Sophy Jones and

her heirs, and is entitled to an undivided half of same, and on the sale to said ice and brewing company she became and is a tenant in common with it, and entitled to an undivided half of the part so conveyed, as well as of that now held and possessed by the defendant heirs of Sophy Jones. The prayer was for judgment for an undivided half of the property, and for partition, etc.

The amended answer of Florence Frazier pleaded the general issue, also the three, five and ten years statutes of limitations, and improvements in good faith, claiming that she purchased the property and made valuable improvements thereon. She prayed for judgment vesting title in her, except as to the part sold to the ice and brewing company, and in case of recovery by plaintiff she prayed to be allowed for her improvements.

The ice and brewing company pleaded the general issue; the several statutes of limitations as to the part conveyed to it; estoppel of plaintiff by her conduct with reference to the property; that it purchased for valuable consideration its part of the property on December 19, 1904, from Walter Wrighton and wife, Ophelia Mayo and husband, and Florence Frazier, in good faith, without notice of any adverse claim, and made certain valuable improvements thereon in good faith, and prayed for judgment, and that, if plaintiff should recover, it be allowed for its improvements.

The jury awarded plaintiff five-sixteenths interest in the property, and judgment was entered accordingly, and for partition. There are no pleadings of Ophelia Mayo or Walter Wrighton in the record, doubtless due to the fact that on December 19, 1904, they executed a deed to Florence Frazier for their interest remaining after the sale to the Ice and Brewing Company.

It is first assigned as error that the court erred by assuming in its charges that plaintiff is a child of Abe Jones. The testimony we find to be such that warranted no other conclusion, hence no error in assuming the fact.

The second assignment complains of the following paragraph of the charge: "You are charged that if you believe from the evidence that a child was born to Sophy Jones by the intermarriage with Abe Jones, and that the said child died prior to the death of its father in 1883, then the plaintiff in this case will be entitled to recover one-half of the property herein sued for, unless defeated by the statute of limitations. But if you believe that the child survived its father, Abe Jones, and died before the mother, then you are charged that the said plaintiff is entitled to recover only five-sixteenths of the whole of said property in controversy, and that the defendants will be entitled to recover the other three-sixteenths of said child on this phase of the case."

The above is attacked as calculated to cause the jury to think if the child did survive its father, Abe Jones, that they must find for plaintiff regardless of any other issue in the case. The other issue was that of limitations. The criticism is that, because the latter part of the above paragraph was not also qualified by such expression as, "unless defeated by the statute of limitations," the jury naturally would be led to suppose that, in the event the child survived its father, plaintiff should recover regardless of limitations.

The above-quoted paragraph was immediately followed by these instructions on limitations:

"Upon the question of limitation you are charged that, if you believe from the evidence that the defendants Florence Frazier, Ophelia Mayo and Walter Wrighton, went into possession of the said property after the death of their said mother; and if you believe that they gave notice of their possession to the plaintiff in this suit that they were claiming the exclusive right to the said property; or if you believe from the evidence that they were in possession of the said property from the death of their said mother, in 1889, continuously, and by their acts of possession manifested unequivocally that they intended to hold possession as and claim the same against the said plaintiff, and that she did know or might have known of such possession being adverse to her, and the said possession was done with the intent to acquire the said property by limitation, or the part thereof owned by the plaintiff, by such possession, then you may find for the defendants a general verdict.

"You are instructed that you can not go behind the year 1889, of the death of the mother, to support the statute of limitations. Therefore, if you believe from the evidence that the defendants in this suit, Florence Frazier, Ophelia Mayo and Walter Wrighton, did not hold the same jointly, openly and exclusively and unequivocally against their cotenant, the plaintiff in this suit, from the said year 1889, the death of their said mother, and that they did not have any intention of holding the same adverse to the said plaintiff; or if you believe from the evidence that they went into possession by a continuation of possession of their mother, as a part of the family, and not with the intention of claiming the exclusive right to the said property, and that they did not manifest unequivocally that they intended to hold the said property as against the plaintiff, then you will find for the plaintiff in one event, as hereinbefore instructed, one-half of the said property, and in the other event, if you believe the said child survived its father, five-sixteenths of the said property."

The jury must have found that the child survived its father, because the verdict was for five-sixteenths of the property. The charge on limitations dealt with the question of this survivorship, as well as did the latter part of the charge complained of. The jury were admonished "to take the charge in its whole as the law of the case." If the subsequent portions qualified or explained the clause complained of as misleading, it will be taken to have been so understood by the jury. The words, "then you will find for the plaintiff in one event, as hereinbefore instructed, one-half of the property, and in the other event, if you believe the said child survived its father, five-sixteenths of said property," was sufficient to convey to the average mind the idea that plaintiff's right to recover five-sixteenths was affected by the plea of limitations as well as her right to recover one-half of the property. The assignment is overruled.

The third assignment complains of the last of the above paragraphs upon the subject of limitations, by this proposition: "The charge is erroneous for the reason, first, that it required that the defendants should hold the land 'jointly' in order to entitle them to limitations;

and .second, it .required that they should have held it since 1889 to recover, neither of which requirements was correct."

There is no assignment complaining of the other paragraph on limitations, which is also copied above, and which authorized a verdict for defendants. The particular paragraph attacked by' this assignment was one telling the jury what they had to find in reference to limitations in order for. them to find for plaintiff one-half of the property, or five-sixteenths. This paragraph is in two sections. Under the first section they had to find all the'following things, viz.: That Florence Frazier, Ophelia Mayo and Walter Wrighton did not hold the property jointly, openly, exclusively and unequivocally against plaintiff, and also that they did not have any intention of holding the property adversely to plaintiff. If the jury found their verdict under this, they must have found that these defendants did not have the intention of holding adversely to plaintiff, which of itself was sufficient to entitle plaintiff to recover her interest. Under the second section they were required to find that these defendants went into possession by a continuation of the possession of their mother as a part of the family, and also without the intention of claiming the exclusive right to the property, and also that they did not manifest unequivocally that they intended to hold it against the plaintiff. So if the jury based their verdict on this section of the paragraph they must have found that these 'defendants, when they succeeded their mother in the possession, did so without. the intention to hold it against plaintiff, and held it without manifesting unequivocally that they intended to hold it against plaintiff, and this finding of itself was sufficient to entitle plaintiff to recover. Therefore, if the jury were governed by the charge complained of in finding their verdict, the use of the word "jointly" was harmless.

The testimony as to defendants' possession was that ever since the death of their mother in 1889 their possession was of a uniform and continuous character up to the filing of the suit, consequently the charge was not prejudicial in the other respect complained of in the proposition.

The word "jointly held" was evidently intended by the court in the sense that it was necessary for all of these three defendants to have concurred in the adverse holding. In that sense it was not incorrectly used. The possible prejudice to appellants in its use lies in the fact that it appeared that defendant Walter Wrighton had not lived in person on the place since his mother's death, and in view of this the jury might possibly have been misled by the expression, but it not being necessarily incorrect or misleading, a special charge explanatory of it should have been asked, if deemed necessary.

However, the testimony is opposed to the idea of a possession in hostility. to plaintiff, a cotenant. Florence testified that ever since the death of her mother in 1889 she had known of the claim that plaintiff was a daughter of Abe Jones. "If he did have a daughter, I would not have held the property against her." "If I had known it, I wouldn't have sold anybody's portion but my own." Walter admitted that he had known the plaintiff was a daughter of Abe Jones for twelve years, and maybe longer. "If the true legal heirs of Abe

Jones had come to me, or had she, I would not have claimed the property against her had I known she was the true living heir of his, and had come up and taken care of it." Question: "He asked you if the real heir of Abe Jones had come to you if you would have denied him or her an interest in the property; now, you stated that nobody came and made that kind of application to you?" Answer: "No, sir, no one at all; that being true, me and my sisters are claiming that property to the exclusion of everybody else." "I did not know that Abe Jones had any daughter; if he did have a daughter I would not have held the property against her." "I knew in 1889 who they said was a daughter of Abe Jones." "If I had known it I wouldn't have sold anybody's portion but mine. I did not know that he had any and made no effort to find the children of Abe Jones when we sold to the brewery."

From this testimony it appears that Florence and Walter knew of the plaintiff, and that she was understood to be the daughter of Abe Jones. She was, in fact, their cotenant. The property had been conveyed to Abe Jones and Sophy Jones. After Abe's death Sophy lived there with her family until she died in 1889. It is conceded that her use of the property was not inconsistent with the cotenancy relation of plaintiff. Upon her death her children continued to live there, being looked after and cared for by an unselfish neighbor. They have remained in possession and use of the property since that time. They were originally cotenants of plaintiff, and if they ceased to be such it must have been by some conduct of theirs after their mother's death inconsistent with that relation, of an open and unequivocal character, of which plaintiff knew or must have known. It is doubtful if there is anything in the evidence of this kind. On the contrary, it is clear from the testimony of Florence and Walter that they were ready and willing at all times to treat plaintiff as a cotenant with them, and would have done so had she come forward. If they held and used the property in this state of mind, their possession can not be said to have been in opposition to the title of plaintiff, and much less that it was held in repudiation of plaintiff's right. The only act repudiatory in its nature which we find was the sale to the Ice and Brewing Company, which was not until 1904.

We are inclined to think that the plea of limitations should not have been submitted at all, and that all alleged errors that concern limitations are immaterial.

We overrule the fourth assignment of error, the testimony referred to by it being incompetent. Judgment affirmed.

*Affirmed.*